UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAWN BERRY VALLIERE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security,* )<br>)<br>Defendant ) | No. 2:17-cv-00189-JDL |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Defendant Nancy A. Berryhill, the acting commissioner of Social Security, moves to dismiss the plaintiff's complaint challenging the denial of her application for Social Security benefits on the basis that it was untimely filed pursuant to 42 U.S.C. § 405(g) and, therefore, fails to state a claim upon which relief can be granted. *See* Motion To Dismiss ("Motion") (ECF No. 11); Memorandum in Support of Motion to Dismiss ("Memorandum") (ECF No. 11-1), attached thereto, at 2-5. For the reasons that follow, I recommend that the court grant the Motion.

### I. Applicable Legal Standards

#### A. Rule 12(b)(6)[1]

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

---

[1] A motion to dismiss based upon a statute of limitations must be construed to invoke Federal Rule of Civil Procedure 12(b)(6). *Ritchie v. Apfel*, No. 98-226-B, 1999 WL 1995198, at *1 (D. Me. Mar. 11, 1999).

1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth*., 655 F.3d 43, 45 (1st Cir. 2011). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard[,]" *Young v. Wells Fargo Bank, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran,* 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

### B.  Section 405(g)

Section 205(g) of the Social Security Act provides that an individual may obtain review of a final decision of the commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Under the applicable regulation, a claimant is presumed to have received such notice within "[five] days after the date of such notice, unless there is a

2

reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Accordingly, absent an extension by the Appeals Council predicated "upon a showing of good cause," *id*., a claimant has 65 days from the date of the commissioner's final decision to commence a timely action for review of that decision.

> The Congressional intent embodied in 42 U.S.C. § 405(g) was "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The 60-day filing period is not jurisdictional, but rather amounts to a statute of limitation and compliance with it is a condition imposed on the United States' waiver of sovereign immunity that must be strictly construed. *Piscopo v. Sec'y of Health & Human Servs.,* No. 93-2326, 1994 WL 283919, at *3 . . . (1st Cir. June 27, 1994) . . . .
>
> The 60-day limit is not absolute, however, because the statute does vest authority in the Commissioner to extend that period in appropriate cases. Because Congress has vested authority in the Commissioner to extend the 60-day limitations period, courts should extend the filing period only in cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

*Strong v. Soc. Sec. Admin. Comm'r*, No. 2:10-cv-00427-GZS, 2011 WL 534042, at *2 (D. Me. Jan. 26, 2011).

Equitable tolling of the statute of limitations is appropriate upon a litigant's showing "that he has been pursuing his rights diligently" *and* "that some extraordinary circumstance" prevented him from timely filing his lawsuit. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

## II. Factual Background

On March 7, 2016, an administrative law judge ("ALJ") issued a decision denying the plaintiff's claim for Social Security disability benefits. Declaration of Marie Cousins, Court Case Preparation and Review Branch 2, Office of Disability Adjudication and Review, Social Security Administration ("Cousins Decl.") (ECF No. 11-2), attached to Motion, ¶ 3(d) & Exh. 6 (ECF No. 11-8) thereto. The plaintiff requested review of that decision. Cousins Decl. ¶ 3(d). In a Notice of Appeals Council Action ("Notice") dated March 15, 2017, the Appeals Council notified the

3

plaintiff that it had declined her request for review of the ALJ's decision, indicating that her representative had been copied on the Notice. *Id*. ¶ 3(e) & Exh. 8 (ECF No. 11-10) thereto. The Notice also informed the plaintiff that (i) she had the right to commence a civil action within 60 days from the date of receipt of the Notice, (ii) the commissioner would assume that she had received the Notice within five days of the date set forth thereon unless she showed otherwise, and (iii) if she could not meet that deadline, she could ask the Appeals Council for an extension of time based on a good reason or reasons. *Id.*

The plaintiff did not file a request for an extension of time within which to file a civil action. Cousins Decl. ¶ 3(f). Her deadline to file her complaint was therefore 65 days after the date of the Notice, or May 19, 2017. She filed her *pro se* complaint on May 25, 2017. Complaint (ECF No. 1). Nothing therein addresses the timeliness of that filing. *Id*.

The plaintiff, still proceeding *pro se*, does not dispute that her complaint was untimely filed. *See* Response to Mo[]tion To Dismiss ("Response") (ECF No. 12). Instead, she asserts that she faced mental health barriers and had unmet needs that placed her at a disadvantage in filing a timely appeal. *See id*. She attaches letters from a Health Affiliates Maine case manager and social worker. *See* Letter dated Aug. 14, 2017, from Cristie Therrien, MHRT/C ("Therrien Letter") (ECF No. 12-1), attached to Response; Letter dated Aug. 16, 2017, from Robin Deatrich, LCSW, CH ("Deatrich Letter") (ECF No. 12-2), attached to Response.

Both Therrien and Deatrich state that the plaintiff believed that her appeal was timely filed given the nature of her documented disabilities. *Id*. They state that Therrien assisted the plaintiff in attempting to find an attorney but was unsuccessful in doing so, and that it would be unreasonable to expect her to pursue her appeal *pro se* given her mental and physical health conditions. *See id*. Both Therrien and Deatrich also indicate that the process of completing benefit

paperwork or navigating through benefit processes triggers, or would trigger, the plaintiff's post-traumatic stress disorder, exacerbating her mental and physical symptoms. *See id.* They state that the plaintiff has been approved by the State of Maine for "section 17 services" because she is unable to manage her daily living needs independently and is at risk of homelessness. *See id.*

### III. Discussion

The plaintiff neither contends that she sought a deadline extension from the Appeals Council nor seeks to rebut the presumption that she received the Notice within five days from the date of its issuance. *See* Response; 20 C.F.R. § 416.1482 (claimant may request that Appeals Council extend deadline to file complaint in federal court for good cause shown); *McLaughlin v. Astrue*, 443 Fed. Appx. 571, 574-75 (1st Cir. 2011) (if a claimant rebuts the presumption of receipt of notice, the burden shifts to the commissioner "to prove that the claimant received actual notice more than 60 days prior to filing the complaint in district court") (citation and internal punctuation omitted). Instead, she effectively seeks equitable tolling of the statute of limitations. *See* Response. The commissioner argues that she fails to make the showing necessary to warrant that relief. *See* Reply to Plaintiff's Response in Opposition to Defendant's Motion To Dismiss ("Reply") (ECF No. 13) at 1-3. I agree.

"It is well-established that the 60-day filing period set forth in 42 U.S.C. § 405(g) is not jurisdictional, but rather constitutes a statute of limitations." *Piscopo*, 1994 WL 283919, at *3. "As such, the limitation period constitutes a condition on the waiver of sovereign immunity that must be strictly construed." *Id.* "Thus, 42 U.S.C. § 405(g) generally precludes late judicial challenge to the denial of benefits." *Id.* (citation and internal quotation marks omitted).

As the commissioner observes, *see* Reply at 1, the First Circuit has "identified five factors that should guide courts in evaluating a claimant's entitlement to [equitable] tolling[,]" *Jobe v. INS*, 238 F.3d 96, 100 (1st Cir. 2001). These are:

5

> (1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.

*Id.* "The fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a party to miss a filing deadline are out of his hands." *Id.* (citation and internal punctuation omitted). "For this reason, equitable tolling is unavailable where a party fails to exercise due diligence." *Id.* (citation and internal punctuation omitted).

The commissioner argues that, because the plaintiff does not allege that any of the five factors apply, the court should assess the merits of her claim on the basis of the fundamental principle that tolling generally is appropriate only when circumstances beyond a claimant's control prevent her from complying with the statute of limitations. *See* Reply at 2. She contends that the plaintiff fails to make this showing because, despite her professed difficulties, she was able to file her complaint on May 25, 2017, and fails to explain why she could not have timely filed it six days earlier. *See id.* at 2-3.

While the plaintiff does not assert that any of the relevant five factors applies, her *pro se* response can be construed to implicate two of them: her diligence and the reasonableness of her ignorance of the time limit. Both Therrien and Deatrich state that the plaintiff attempted, with Therrien's assistance, to find an attorney but was unsuccessful in doing so. *See* Therrien Letter; Deatrich Letter. Therrien asserts that "[i]t would be unreasonable to require the plaintiff to navigate through the disability claims process, given her mental and physical health conditions[,]" and Deatrich asserts that "[i]t would be impossible[,]" given those conditions, "for [her] to thoroughly understand the disability claims process[.]" *Id.* Therrien and Deatrich both state that the plaintiff did not know that her appeal was untimely filed, believing it to have been timely filed given the nature of her documented disabilities. *See id.*

Nonetheless, even so construed, the plaintiff's response does not offer any evidence that circumstances beyond her control prevented her from complying with the statute of limitations. Neither an inability to find an attorney nor mental illness, on its face, constitutes a reason to toll the statute of limitations. *See, e.g., Al-Wardi v. Command Airways/Am. Eagle*, No. 94-1801, 1994 WL 584548, at *1 (1st Cir. Oct. 25, 1994) (district court did not err in concluding that litigant's *pro se* status did not carry "sufficient equitable weight" to justify equitable tolling); *Muldoon v. Astrue*, 590 F.Supp.2d 188, 194 (D. Mass. 2008) ("[T]here is no absolute rule requiring equitable tolling for mental disability claims.").

Fundamentally, as the commissioner argues, *see* Reply at 2-3, the plaintiff does not explain why she was able to file her complaint on May 25, 2017, but not six days earlier. Nor does she explain how her mental illness – as opposed to mistake or ignorance – prevented her from realizing that her appeal was untimely filed. That is fatal to her bid for equitable tolling. *See, e.g., Muldoon*, 590 F. Supp.2d at 194 ("Muldoon has not alleged any facts to show that mental illness is the reason for his failure to file his request to reopen before May 29, 2001."); *Merced v. Astrue*, No. 10-10137-JLT, 2015 WL 5146323, at *3 (D. Mass. Oct. 29, 2010) ("Mere error, inadvertence, or mistake cannot justify tolling the statute of limitations, especially one that must be strictly construed[,] because otherwise virtually every statute of limitations would be rendered meaningless.") (citation and internal quotation marks omitted).

Because nothing in the plaintiff's complaint addresses the untimeliness of its filing, and she does not otherwise make a sufficient showing of entitlement to equitable tolling of the missed deadline, her complaint fails to state a claim upon which relief can be granted, warranting its dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Motion.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of October, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge